UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

SC MOTA ASSOCIATES LIMITED
PARTNERSHIP d/b/a Mall of the Americas

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant SC MOTA Associates Limited Partnership ("Defendant") for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

1

**PARTIES**

4.      Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility.  Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).   Plaintiff is a "tester" for determining whether Defendant is in compliance with the ADA and the ADAAG.

5.      Defendant SC MOTA Associates Limited Partnership is the owner of "Mall of the Americas," a regional shopping center.  The regional shopping center is identified as Folio 30-4003-047-0020, which is the Mall of the America's property address 7795 W Flagler Street housing the Costco anchor tenant and folio 30-4003-047-0010, which is the Mall of the America's property address 7795 W Flagler Street which houses the rest of the regional shopping center.

**FACTS**

6.      Defendant's regional shopping center consists of land and a complex of buildings which comprise an enclosed (under air) regional shopping mall which is branded as "Mall of the Americas" and which houses a Costco, an office of the Florida Department of Motor Vehicles, restaurants, and numerous retail stores.

7.      On information and belief, the majority of the Mall of the Americas complex is leased to Public Accommodations who operate their separate and individual Places of Public Accommodation within the complex.

8.      The Places of Public Accommodation within the Mall of the Americas regional shopping complex include, but are not limited 42 U.S.C. §12181(7)(E) "other sales

2

establishments" such as Costco Wholesale, Antonello Fashions, Burlington Coat Factory, Five Below, the Dollar Store, Foot Locker, Home Depot, Marshalls, and various jewelry stores.

9. The Mall of the Americas complex contains 42 U.S.C. §12181(7)(B) restaurants and other establishments selling food and drink such as Paseo Catracho Restaurant, YogurtLife, Rio Station Juice Bar, La Fogata Barbeque, and Cajio's Cuban Cuisine.

10. The Mall of the Americas complex also a contains a 42 U.S.C. §12181(7)(C) movie theatre and numerous 42 U.S.C. §12181(7)(F) beauty/barber shops such as Divine Nails, Eyebrow Designed, and The Perfect Salon Suites.

11. Due to the close proximity to Plaintiff's home to the Mall of the Americas, on August 29, 2021 Plaintiff went to Mall of the Americas to shop.

12. On entering the Mall of the Americas complex, Plaintiff had difficulty parking and perambulating to the entrance due to the excessive slope of the parking area and the broken surface of the sidewalk. Further, while Plaintiff was shopping, he went to the restroom. Plaintiff had to use the women's restroom because the men's restroom was out of service. While in the women's restroom, Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

13. Due to these inaccessible areas, Plaintiff has been denied full and equal access by Defendant.

14. As the operator of Mall of the Americas which Defendant leases to Public Accommodations who in turn operate retail stores, entertainment venues, barber/beauty shops, and restaurants which are open to the public, Defendant is classified as a "Public

Accommodation" pursuant to 42 U.S.C. §12181(7)(B), (C), (E) & (F) and 28 C.F.R. §36.104(2), (3), (5) & (6). As operator of a large multi-use shopping mall complex which is clearly a place of public accommodation, Defendant is aware of the ADA and the need to provide for equal access in all areas of its shopping mall complex which are open to the public. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that all areas within its property are fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As a result of the discrimination by Defendant, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize the Mall of the Americas regional shopping center and/or test the public accommodation for compliance with the ADA/ADAAG, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

**COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

19. The ADA was enacted and effective as of July 26, 1990 and ADA legislation

has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the Mall of the Americas, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the regional shopping center in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Mall of the Americas.

24. Defendant is governed by the ADA and must be in compliance therewith. Defendant has discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. Defendant's Mall of the Americas regional shopping center is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.*, hence, Defendant has discriminated against the Plaintiff as a result of *inter alia*, the following specific violations:

i. Plaintiff had difficulty exiting his vehicle, as some of the designated accessible parking spaces are located on a slope due to lack of maintenance. The fact that some of the designated accessible parking spaces are on a slope over 2.1%, violates Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design. The slope of the parking lot is further in violation of 2010 ADA Standards for Accessible Design Section 207.1 and Section 403.3 which states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped. See also Section 4.6.3 of the ADAAG which

      states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii. Plaintiff had difficulty perambulating to the mall entrance closest to the Burlington retail store as the sidewalk from the designated accessible parking space to the entrance has a broken surface which creates changes in level.  This is a violation of the ADAAG in the following sections: Section 4.5 states that ground and floor surfaces along accessible routes, walks, ramps, stairs, and curb ramps, shall be stable, firm, and slip-resistant; Section 4.5.2 states that changes in level between ¼ in and ½ in (6 mm and 13 mm respectively) shall be beveled with a slope no greater than 1:2, and changes in level above ½ in. require a ramp. This is also in violation of ADAAG Section 4.6.3 which states that parking access aisles shall be part of an accessible route to the building or facility entrance and shall comply with Section 4.3) and Section 502.4 of the 2010 ADA Standards for Accessible Design.  Further, Section 4.3.8 of the ADAAG states that if an accessible route has changes in level greater than ½ in (13 mm), then a curb ramp or ramp must be provided; in this instate case, no ramp has been provided for this level change. This is also a violation of Section 4.3.2(2) of the ADAAG which states: "at least one accessible route shall connect accessible buildings … and spaces that on the same site" and Section 403.5.1 of the 2010 ADA Standards for Accessible Design which states that the clear width of walking surfaces shall be 36 inches (915 mm) long minimum and 36 inches (915 mm) wide minimum.

iii. Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can),

      which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

iv. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

v. Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 4.16.6 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum

        below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

vi. Plaintiff could not flush the toilet without assistance, as the toilet compartment water closet flush control is toward the wall side, in violation of Section 4.16.6 of the ADAAG which states that flush controls shall be mounted on the wide side of toilet areas no more than 44 in (1120 mm) above the floor and shall comply with Section 4.27.4 in that they shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The none compliant flush control is also in violation of Section 604.6 of the 2010 Standards for Accessible Design which states that flush controls shall be located on the open side of the water closet (except in ambulatory *accessible* compartments complying with 604.8.2).

vii. Plaintiff was exposed to a cutting/burning hazard at the lavatory sink has unwrapped bottom sink pipes, which does not provide the proper insulation or protection for the plumbing under a sink or countertop. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

viii. Plaintiff could not use the lavatory sink (inside the stall) without assistance, as the lavatory sink is mounted too high. The lavatory is mounted over the required height to the top of the counter above the finished floor in violation of 28 C.F.R. Part 36,

9

   Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design.

ix. Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser is as follows: the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. This is a further violation of Section 4.2.5 (Fig 5) of the ADAAG, which states that when clear floor space only allows forward approach to an object, the maximum high forward reach allowed is 48 in (1220 mm) (Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm) (Fig. 5(b)).

x. Plaintiff had difficulty using the lavatory mirror, as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design.

  27. Pursuant to 42 U.S.C. §12101 *et seq.*, and 28 C.F.R. §36.304, the Defendant has been required to make Mall of the Americas regional shopping center accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

28. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the Mall of the Americas regional shopping center such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant SC MOTA Associates Limited Partnership and requests the following relief:

a) The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter the Mall of the Americas regional shopping center such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 12th day of October, 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*